UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| KYLE SUNDET, an individual,<br><br>        Plaintiff,<br><br>    v.<br><br>CHICAGO TITLE INSURANCE<br>COMPANY, a foreign corporation and<br>CHICAGO TITLE COMPANY OF<br>WASHINGTON, a Washington corporation,<br><br>        Defendants. | Case No. _____<br><br>**NOTICE OF REMOVAL** |

Defendant Chicago Title Insurance Company ("CTIC") hereby removes to this Court the Washington State action described below, currently pending in King County Superior Court.

## I.    NATURE OF THE CASE

1.    Plaintiff filed this lawsuit in the Superior Court of Washington for King County on February 13, 2022, under the name and style of *Kyle Sundet v. Chicago Title Insurance Company et al.*, Case No. 22-2-01798-8 SEA.  A true and correct copy of the Complaint filed in state court is attached hereto as Exhibit A.  In the Complaint, Plaintiff named CTIC and Chicago Title Company of Washington ("CTCW") as defendants.  Compl. ¶¶ 2-3.

2.    Plaintiff obtained a policy of title insurance from CTIC in conjunction with purchasing real property located at 4623 East F Street, Tacoma, Washington.  Compl. ¶¶ 6-7.

NOTICE OF REMOVAL  - 1

**Fox Rothschild LLP**<br>1001 Fourth Avenue, Suite 4500<br>Seattle, WA 98154<br>206.624.3600

131971651.1

1    Plaintiff claims that he learned of an undisclosed encumbrance on the title of the property on

2    August 23, 2021, which was later determined to include a City of Tacoma Complaint for

3    derelict property, unpaid fines, and public utility fees.  *Id*. at ¶ 8.

4        3.    On or around August 25, 2021, Plaintiff submitted a claim to CTIC.  *Id*. at ¶ 10.

5    CTIC acknowledged receipt and confirmed that coverage was afforded for Plaintiff's claim.

6    *Id*. at ¶¶ 11-12.

7        4.    Plaintiff asserts causes of action against CTIC for (1) breach of contract, (2)

8    violation of the Insurance Fair Conduct Act ("IFCA"), (3) violation of the Washington

9    Consumer Protection Act ("CPA"), (4) injunctive relief and civil penalties under the CPA, and

10    (5) insurance bad faith.  *Id*. at ¶¶ 24-57.  Plaintiff seeks recovery of contractual and extra

11    contractual damages, including amounts paid in escrow at closing, amounts paid to lender for

12    loan fees, loan payments and interest, amounts paid in connection with the property, loss of use

13    funds, plus alleged extra-contractual damages allegedly caused by CTIC, alleged bad faith and

14    violation of the CPA and IFCA, as well as attorneys' fees and costs and treble damages.  *Id*. at

15    ¶¶ 29-30, 35-37, 43-47, 52-53, 55-57, Prayer for Relief.  Plaintiff additionally seeks injunctive

16    relief, with no less than $125,000 penalty per violation.  *Id*. ¶ 52.

17        5.    On March 22, 2022, by stipulation and order, King County Superior Court

18    dismissed CTCW, a Washington corporation, from the lawsuit, making CTIC the only

19    remaining defendant.  A true and correct copy of the March 22, 2022 Order is attached hereto

20    as Exhibit C.

21                    **II.    SUBJECT MATTER JURISDICTION**

22        6.    CTIC exercises its rights under 28 U.S.C. §§ 1332 and 1441 to remove this case

23    from the Superior Court of King County, Washington to this Court.  This Court has original

24    jurisdiction over the underlying state court action under 28 U.S.C. § 1332.  This action may be

25    removed to this Court by CTIC pursuant to 28 U.S.C. § 1441 because there exists complete

26

NOTICE OF REMOVAL  - 2

**FOX ROTHSCHILD LLP**
**1001 FOURTH AVENUE, SUITE 4500**
**SEATTLE, WA 98154**
**206.624.3600**

131971651.1

diversity between Plaintiffs and CTIC following the state court's severance order and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

### A.   There Is Complete Diversity Between Plaintiffs and CTIC.

7.    In determining whether complete diversity exists, the Court considers the citizenship of all properly joined parties.  28 U.S.C. § 1441(b).  Here, there is complete diversity of citizenship for the purposes of federal jurisdiction under 28 U.S.C. § 1332 between Plaintiffs and CTIC.

8.    Plaintiff alleges he is a Washington resident, residing in King County.  Compl. ¶ 1.

9.    A corporation is a citizen both of the state by which is has been incorporated and of the state where its principal place of business is located.  28 U.S.C. § 1332(c)(1).  CTIC is a Florida corporation with its principal place of business in the State of Florida.  Accordingly, for the purposes of diversity of citizenship under 28 U.S.C. § 1332, CTIC is a citizen of Florida and not a citizen of the State of Washington.

10.    Because Plaintiff is a citizen of Washington and CTIC is a citizen of Florida, there is complete diversity of citizenship between the parties for the purposes of federal jurisdiction under 28 U.S.C. § 1332.

### B.   The Amount in Controversy Exceeds $75,000.

11.    Plaintiff's Complaint does not plead a specific amount of damages.  CTIC must therefore prove the amount in controversy requirement has been met by a preponderance of the evidence.  *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 683 (9th Cir. 2006).  Plaintiff's demand, allegations, and relief requested prove that the amount in controversy in this case exceeds $75,000.

12.    Plaintiff alleges in his Complaint that he is insured under a CTIC policy and seeks damages that include amounts paid in escrow as closing costs, amounts paid to seller out-of-pocket including down-payment, amounts paid to lender for loan fees, loan payments and

**Fox Rothschild LLP**
1001 Fourth Avenue, Suite 4500
Seattle, WA 98154
206.624.3600

131971651.1

1    interest, amounts paid in connection with the property, loss of use of funds tied up in this

2    property.  Compl. at ¶ 29; Prayer for Relief.  Plaintiff in a recent demand sought a lump-sum

3    payment of $550,000 from CTIC.  *See* Declaration of Wendy E. Lyon ("Lyon Decl."), Ex. A.

4    *See Cohn v. Petsmart, Inc*., 281 F.3d 837, 840 (9th Cir. 2002) (holding that a demand "is

5    relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of

6    the plaintiff's claim"); *Estenson v. GEICO Gen. Ins. Co.*, No. C13-05319-RBL, 2013 WL

7    12128734, at *2 (W.D. Wash. July 25, 2013) (considering settlement letter as evidence of the

8    amount in controversy).  Plaintiff's demand shows that the amount in controversy exceeds

9    $75,000.

10          13.    In addition to the contractual benefits, Plaintiff also seeks extra-contractual tort

11   damages for alleged bad faith and violations of the CPA and IFCA.  *Id*. at ¶¶ 35, 43, 56; Prayer

12   for Relief.  These purported extra-contractual damages are independent of and in addition to

13   the policy benefits, thus increasing the amount in controversy even more.  *See, e.g.*, *Estenson v.*

14   *GEICO Gen. Ins. Co.*, No. C13-05319-RBL, 2013 WL 12128734, at *2 (W.D. Wash. July 25,

15   2013) (holding that potential damages for IFCA, CPA, and bad faith claims increase the

16   amount in controversy); *Burke Family Living Tr. v. Metro. Life Ins. Co.*, No. C09-5388-FDB,

17   2009 WL 2947196, at *3 (W.D. Wash. Sept. 11, 2009) ("The jurisdictional minimum may be

18   satisfied by claims of general and specific damages . . . .").

19          14.    Treble damages are available under the CPA and IFCA, further increasing the

20   amount in controversy.  Compl. at ¶¶ 6.2-6.4, 7.5, 8.3, Prayer for Relief.  The CPA provides for

21   an award of treble damages of up to $25,000 per violation.  RCW 19.86.090.  IFCA provides

22   for an award of treble damages in "an amount not to exceed three times the actual damages."

23   RCW 48.30.015(2).  Potential enhanced damages under the CPA and IFCA are considered in

24   the amount in controversy calculation.  *E.g.*, *Gierke v. Allstate Prop. & Cas. Ins. Co.*, No. C19-

25   0071-JLR, 2019 WL 1434883, at *3 (W.D. Wash. Apr. 1, 2019) (including plaintiff's request

26   for treble damages under IFCA when calculating the amount in controversy); *Wilson v. Geico*

NOTICE OF REMOVAL  - 4

1  *Indem. Co.*, No. C18-226-RAJ, 2018 WL 3594474, at *2–3 (W.D. Wash. July 26, 2018)

2  (denying motion to remand where plaintiff's request for treble damages under the CPA and

3  IFCA increased amount in controversy above jurisdictional threshold).

4         15.    The amount in controversy further increases because Plaintiff requests an award

5  of attorneys' fees and costs under the CPA and IFCA.  Compl. at Prayer for Relief; *see also*

6  RCW 19.86.090 (attorneys' fees recoverable under the CPA); RCW 48.30.015(3) (attorneys'

7  fees recoverable under the IFCA).  Attorneys' fees are included in the amount in controversy

8  where, as here, they are recoverable under a statute.  *See, e.g.*, *Fritsch v. Swift Trans. Co. of*

9  *Ariz., LLC*, 899 F.3d 785, 794 (9th Cir. 2018); *Guglielmino v. McKee Foods Corp.*, 506 F.3d

10  696, 700 (9th Cir. 2007).

11        16.    The amount in controversy further increases because Plaintiff requests injunctive

12  relief carrying a penalty of no less than $125,000 per statutory violation.

13        17.     In total, the amount in controversy more likely than not exceeds the jurisdictional

14  threshold of $75,000.

15                     **III.        REMOVAL IS TIMELY**

16        18.    This Notice is timely filed under 28 U.S.C. § 1446(b) and (c) because it is filed

17  within thirty (30) days of CTIC's receipt of an "order or other paper from which it may first be

18  ascertained that the case is one which is or has become removable."  28 U.S.C. § 1446(b)(3).

19        19.    In his Complaint, Plaintiff (citizen of Washington) asserted claims against both

20  CTIC (citizen of Florida) and CTCW (citizen of Washington).  Compl. at ¶¶ 2-3.  Because the

21  Complaint asserted claims against non-diverse defendants (CTCW), the 30-day removal period

22  did not begin to run upon CTIC's receipt of the Order of Dismissal.  *See* 28 U.S.C. § 1446(b)(3)

23  (stating that the time for removal does not begin to run "if the case stated by the initial pleading is

24  not removable").

25        20.    On March 22, 2022, King County Superior Court entered an Order dismissing

26  CTCW from Plaintiff's lawsuit.  *See* Exhibit C.  As a result of that Order dismissing claims

NOTICE OF REMOVAL  - 5

against CTCW, the non-diverse defendant is no longer party to Plaintiff's action against CTIC and complete diversity now exists between Plaintiff and CTIC. The King County Superior Court Order dismissing CTCW is therefore the first "order or other paper" from which it could be ascertained that the case had become removable on diversity jurisdiction grounds. *See* 28 U.S.C. § 1446(b)(3).

21.     This Notice of Removal is filed within thirty (30) days of the March 22, 2022 King County Superior Court Order dismissing CTCW and less than one year after the action was filed in state court.

### IV.     OTHER PROCEDURAL REQUIREMENTS ARE SATISFIED

22.     As required by 28 U.S.C. § 1446(a) and LCR 101, a copy of the Complaint and Civil Case Cover Sheet are attached as Exhibits A and B, respectively. The Complaint is being filed as a separate attachment in the electronic system and labeled as "Complaint" as provided by LCR 101(b)(1). In accordance with 28 U.S.C. § 1446(a), CTIC is filing contemporaneously with this Notice of Removal a Verification of State Court Records, which includes copies of all pleadings and documents from the Superior Court proceeding, besides the Complaint. In accordance with LCR 101(c), counsel for CTIC hereby verifies that the foregoing exhibits filed herewith and the documents attached to the Verification are true and complete copies.

23.     As required by 28 U.S.C. § 1446(d), CTIC today served Plaintiffs, through their counsel of record, and the Clerk for the Superior Court of King County, State of Washington, with copies of this Notice of Removal.

24.     CTIC has therefore satisfied the requirements for removal under 28 U.S.C. § 1441 *et seq.*, and all applicable rules.

### V.     CONCLUSION

For all of the foregoing reasons, CTIC removes this case from the Superior Court of Washington for King County, where it is now pending, to this Court. CTIC respectfully requests

NOTICE OF REMOVAL  - 6

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4500
SEATTLE, WA 98154
206.624.3600

131971651.1

that this Court assume jurisdiction over this matter to the exclusion of any further proceedings in state court and place this action upon the docket of this Court, the same as if this case had originally been filed in this Court.

DATED this 22 day of March, 2022.

FOX ROTHSCHILD LLP


*s/ Wendy E. Lyon*
Wendy E. Lyon, WSBA #34461


*s/ Jon S. Bogdanov*
Jon S. Bogdanov, WSBA #52857
1001 Fourth Avenue, Suite 4500
Seattle, WA 98154
Telephone:  206.624.3600
Facsimile:  206.389.1708
Email:  wlyon@foxrothschild.com
          JBogdanov@FoxRothschild.com

*Attorneys for Defendants*

NOTICE OF REMOVAL  - 7

131971651.1

1

## **CERTIFICATE OF SERVICE**

2          I certify that I am a secretary at the law firm of Fox Rothschild LLP in Seattle,

3    Washington.  I am a U.S. citizen over the age of eighteen years and not a party to the within

4    cause.  On the date shown below, I caused to be served a true and correct copy of the foregoing

5    on counsel of record for all other parties to this action as indicated below:

6

| **Service List** | |
|---|---|
| Jo M. Flannery, WSBA #26086<br>RYAN, SWANSON & CLEVELAND, PLLC<br>1201 Third Avenue, Suite 3400<br>Seattle, WA  98101<br>Ph. (206) 464-4224<br>Email: flannery@ryanlaw.com<br><br>*Attorneys for Plaintiff* | ☐ Via US Mail<br>☐ Via Messenger<br>☒ Via CM/ECF / Email<br>☐ Via over-night delivery |

7

8

9

10

11

12          I declare under penalty of perjury under the laws of the United States that the foregoing

13    is true and correct.

14          EXECUTED this 22 day of March, 2022, in Seattle, Washington.

15

16

17                                        Marina Krylov

18

19

20

21

22

23

24

25

26

NOTICE OF REMOVAL  - 8

131971651.1

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4500
SEATTLE, WA 98154
206.624.3600