THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KYLE SUNDET, | CASE NO. C22-0341-JCC |
| Plaintiff, | ORDER |
| v. | |
| CHICAGO TITLE INSURANCE COMPANY, | |
| Defendant. | |

This matter comes before the Court on Defendant's Rule 12(b)(1) motion to dismiss, or in the alternative, to stay (Dkt. No. 11). Having thoroughly considered the motion and the record before it, the Court hereby DENIES the motion to dismiss and GRANTS the motion to stay for the reasons described herein.

I.   BACKGROUND

In August 2021, Plaintiff Kyle Sundet purchased a property in Tacoma for which he procured title insurance from Defendant Chicago Title Insurance Company. (Dkt. No. 1 at 2.) After closing sale, Plaintiff learned of an undisclosed title encumbrance and submitted a written claim to Defendant. (*Id.*) Defendant confirmed coverage and secured counsel to represent Plaintiff in resolving the title issue. (*Id.* at 3.) In November 2021, this counsel filed suit in Pierce County Superior Court on Plaintiff's behalf asserting causes of action for rescission of the

ORDER
C22-0341-JCC
PAGE - 1

breached purchase agreement, breach of statutory warranty deed, and fraud and intentional misrepresentation. (Dkt. No. 11 at 3.) Plaintiff, dissatisfied with Defendant's actions in resolving his demand, filed suit with this Court, seeking timely relief for the escalating costs of maintaining the encumbered property while the Pierce County suit plays out. (Dkt. No. 1 at 4.) As a result, in the instant suit, Plaintiff alleges the following acts by Defendant: breach of contract, violation of Washington's Insurance Fair Conduct and Consumer Protection Acts, and insurance bad faith. (*Id.* at 5–10.)

## II. DISCUSSION

The Court has the "inherent power to control the disposition of the causes on its docket in a manner which will promote economy of time and effort for itself, for counsel, and for litigants." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). In considering whether to exercise this power by granting a stay, the Court weighs competing interests including "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Id.*

Defendant claims litigating this case presently constitutes "premature adjudication." (Dkt. No. 11 at 2–3.) It points to Paragraph 9(b) of the insurance policy's conditions, which state that "In the event of any litigation, including litigation by the Company or with the Company's consent, the Company shall have no liability for loss or damage until there has been a final determination by a court of competent jurisdiction, and disposition of all appeals, adverse to the Title, as insured." (Dkt. No. 11 at 5.) This express language, which binds both parties, necessitates a stay of this case until there has been a final determination in the underlying lawsuit. While Plaintiff claims that this suit is a cost recovery action and does not attempt to cure title, (Dkt. No. 13 at 7), one of the causes of action of the underlying suit is for breach of statutory warranty deed. (Dkt. No. 11 at 3.) Therefore, the underlying lawsuit falls within the

express language of Paragraph 9(b), (*see id*. at 5), and pursuant to the parties' agreement, the present suit must be stayed until the underlying suit's adjudication. Furthermore, resolving the underlying case will clarify Defendant's liability and obligations. For example, to succeed on his bad faith claim, Plaintiff must demonstrate a "duty, breach of that duty, and damages proximately caused by any breach of duty." *Smith v. Safeco Ins. Co.*, 78 P.3d 1274, 1277 (Wash. 2003). Plaintiff cannot prevail if he is unable to demonstrate what damages Defendant's alleged breach caused.

To note: in its motion, Defendant asserts that Plaintiff's Comsumer Protection Act cause of action should be dismissed for failing to state a claim. (Dkt. No. 11 at 6.) However, this argument is not appropriate for a motion challenging the Court's subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). And, because Defendant failed to move pursuant to Rule 12(b)(6) *prior* to answering Plaintiff's complaint, (*see* Dkt. No. 9), Defendant is precluded from so doing at this point. *See Aetna Life Ins. Co. v. Alla Medical Services, Inc*., 855 F.2d 1470, 1474 (9th Cir.1988).

### III.    CONCLUSION

Accordingly, Defendant's motion to dismiss is DENIED, Defendant's motion to stay in the alternative is GRANTED. This case is hereby STAYED pending the resolution of the underlying action in Pierce County Superior Court. The parties are ORDERED to filed a joint status report with the Court within thirty (30) days of a final resolution of the Pierce County matter.

DATED this 8th day of July 2022.

John C. Coughenour
UNITED STATES DISTRICT JUDGE